ANTONIA TREUPEL, PLAINTIFF, v. YELLOW CAB, INCORPORATED (A NEW JERSEY CORPORATION), AND HARRY SCHLINGER, DEFENDANTS.

Submitted May 16, 1930—Decided December 12, 1930.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and LLOYD.

For the rule, *Turner & Stalter*.

*Contra, Frazer & Trimble*.

PER CURIAM.

This is defendants' rule to show cause why plaintiff's verdict should not be set aside. The only question is as to the amount of the verdict, defendants contending that it is excessive. It was for $7,500.

The testimony reasonably tended to show that plaintiff, a widow about sixty-five years of age, was an interior decorator, having an office on Fifth avenue, New York, and was there conducting a successful business. She was injured while riding in a taxicab as a passenger, the taxicab being owned and operated by the defendant company and being driven by the other defendant, Harry Schlinger. It also appears that while going fifteen or twenty miles an hour, the taxicab collided with a stanchion post, having a concrete base about four feet square, with such force that it moved the post over eleven feet. The plaintiff was thrown forward with terrific force, hitting the front seat and rendered unconscious. She was severely injured about the face, arms, legs, side and back. She was carried out of the wreck to a house near by, where she remained in bed, under medical attention for the most part, for three weeks.

It further appears beyond dispute that prior to the accident plaintiff had an income from her business of about $3,000 a year. The trial was three years after the collision and up to that time the plaintiff had been unable to work, and it appears doubtful, according to the testimony of the medical men and other testimony, that she would ever be able to work again.

While about sixty-five years of age, she had always enjoyed good health, had been quite active up to the time of the accident, and was a woman of remarkable attainments and capacity for business in her line.

We cannot say that the verdict of $7,500 is excessive.

The rule to show cause will be discharged, with costs.